IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSE MORALES, et al., | ) | |
| Plaintiffs, | ) | 8:08CV88 |
| and | ) | |
| GABRIEL SANCHEZ CLAUDIO, et al., | ) | |
| Plaintiffs, | ) | 8:08CV161 |
| vs. | ) | |
| GREATER OMAHA PACKING COMPANY, INC., | ) | **MEMORANDUM AND ORDER** |
| Defendant. | ) | |

This matter is before the court on defendant's motion to strike the report and bar testimony of plaintiffs' expert, Filing No. 161. The plaintiffs in both cases are current or former employees of the defendant. They filed this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., and under state law alleging violations regarding pay for donning and doffing and cleaning in connection with their job requirements.

Defendant moves to strike the report of plaintiffs' expert, William J. Cutler, Jr. pursuant to Fed. R. Evid. 702 arguing that Mr. Cutler lacks the qualifications to testify; that Mr. Cutler's study methodology is not scientifically valid; that Mr. Cutler's opinions related to his "time study" are unreliable in terms of sample sizes, selection methods, and data gathering; and that Mr. Cutler's opinions are inadmissable because they usurp the function of the fact-finder. In particular, defendant argues that (1) Mr. Cutler should not be able to

testify regarding his "time study" which measured the amount of time, pre- and post-shift and during the daily meal period, where plaintiffs are not being paid; and (2) Mr. Cutler should not be able to offer opinions about whether defendant has complied with the FLSA and other regulations.  The court has carefully reviewed the motion, briefs and index in support, Filing No. 162, 163 and 173, and brief and index in opposition, Filing No.169 and 170.  The court finds the motion will be granted in part and denied in part.

    Mr. Cutler has been a United States Department of Labor Wage and Hour Compliance Specialist for 24 years.  Filing No. 163, Attach. 2.[1]  Part of his responsibilities included investigation into employer compensation practices to determine compliance with federal wage and hour and labor laws.  *Id.*  He rendered opinions that were enforced by the Department of Labor's Wage and Hour Division.  *Id.*  In 1990 he entered the private sector where he worked as a Compensation and Classification Analyst and Senior Compensation Analyst for large employers, both government and private.  *Id.*  Since 2000 he has been a principal at Cutler Consulting Services LLC that provides consultant and litigation support for compensation and FLSA issues.  *Id.*  He belongs to national groups associated with these issues, and recertifies every three years.  He has a Bachelor of Arts in Business Administration and majored in Personnel Management.  He has testified in a number of cases by trial or deposition in the last ten years dealing with FLSA issues.

    Plaintiffs argue that Mr. Cutler's report exposed defendant for failing to use time clocks to record compensable time and for failing to control donning and doffing time, cleaning time, and for requiring unpaid meal periods.  Mr. Cutler opines that plaintiffs'

---

[1] Mr. Cutler's Curriculum Vitae is located at Filing No. 163, Attach. 4, Page ID # 1665.

2

donning, walking time, cleaning of protective outerwear and equipment, and doffing activities are both integral and indispensable to, and thereby are a principal activity, required by the defendant. Filing No. 163, Attach. 2, at Page ID #1641. He bases this opinion on the fact that defendant requires these activities as part of its work. He next opines that these activities are covered by the Portal to Portal Act. *Id*. at #1642. He bases this opinion on the Supreme Court's ruling in *IBP v. Alvarez,* 126 S. Ct. 514 (2005) and on the definition of principal activities set forth in 29 C.F.R. § 790.6. *Id*. Mr. Cutler's third opinion is that this work is part of the continuous workday. *Id*. at ID # 1642. Opinion Number 4 states that defendant has failed to maintain accurate records of all the time worked as required under 29 U.S.C. § 211(c) of FLSA and 29 C.F.R. § 516.1. *Id*. at ID # 1644. Mr. Cutler's Opinion Number 5 is that defendant is not entitled to deduct the thirty-minute meal period break from the compensable workday time. *Id*. at 1646. He also opines in Opinion Number 6 that the time involved in donning, doffing, walking, and sanitizing are compensable and not de minimis. *Id*. at ID #1650.

> Fed. R. Evid. 702 states:
>
> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

A witness may qualify to render an expert opinion in one of five ways: knowledge, skill, experience, training or education. *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 147 (1999); Fed. R. Evid. 702. This court serves as a gatekeeper to "ensure that any and all

scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993); *see also In re Prempro Products Liability Litigation,* 586 F.3d 547, 565 (8th Cir. 2009) (allowing expert testimony on causation; court instructed that expert testimony on damages had to relate to the regulatory guidelines under the Food and Drug Administration ); *Polski v. Quigley Corp.*, 538 F.3d 836, 841 (8th Cir. 2008) (excluding expert testimony as not sufficiently reliable).

The court finds that Mr. Cutler is clearly qualified to testify. He has extensive experience and training in pay practices, in compliance evaluation, in wage and hour laws, and in the field of human resources. Mr. Cutler clearly amassed sufficient documents, policies, time records, labor opinions, wage and hour regulations, upon which to base his conclusions. However, the defendant argues that Mr. Cutler used unscientific methods, namely, he collected his own data on the hours worked without pay and did not have any safeguards in the incorporation of this data.[2] Mr. Cutler observed and videotaped the defendant's employees. Mr. Cutler y wrote down the time the employees touched their first piece of equipment at their lockers and then the time at the beginning of the shift and then averaged the time between those times. He did the same thing for the end of the day. Defendant contends there was subjective bias, as the samples chosen by Mr. Cutler were not statistically random.[3] Defendant also contends that Mr. Cutler filled in missing data and made group assumptions at times, rather than collecting individual data. Defendant argues that the numbers are inflated and inaccurate, and that the samples used by Mr. Cutler are

---

[2]The "time study" is located at Filing No. 163, Attach. 2, ID #1637.

[3]It should be noted that defendant admits that its own expert had to likewise make some subjective decisions, because of the nature of the issues in this lawsuit.

so small they are not valid. Defendant contends that Mr. Cutler used as few as three and four sample times per issue, whereas, their expert, Mr. Adams, used 84 samples[4].

Mr. Cutler testified that the use of this time study technique was the same as he used in Department of Labor. Cutler Deposition, Filling No. 170, Ex. C, ID # 1990. The court finds that Mr. Cutler is qualified. The court further finds that the methodology used by Mr. Cutler is reliable. In addition, the court notes that Mr. Cutler would have had more objective material to work with, if the records included the time in question in this lawsuit. Apparently the records are missing data in this regard. Further, the court is aware that Mr. Cutler, Oran Clemons and plaintiffs' attorney were only given two days to make their observations and were not permitted to split up into different parts of the plant to make additional observations. The court will allow Mr. Cutler to testify regarding his time study and the results of his time study. If Mr. Cutler's testimony, however, appears to be speculative or if the methodology appears suspect during his testimony, the defendant is free to make the appropriate objections at trial. Further, the court notes that the defendant has an expert who is touted as highly educated and very knowledgeable in these areas. Counsel is free to cross-examine Mr. Cutler, examine his own expert, allow his expert to discredit Mr. Cutler if he can do so, and then the jury can determine what weight to give to Mr. Cutler's opinion on these factual issues.

However, the court will not permit Mr. Cutler to testify regarding the law or testify as to any legal conclusions he might hold. The court is concerned that Opinion Numbers

---

[4]Plaintiffs note for the record that Mr. Cutler and his assistant, Oran Clemons, were precluded by defendant from splitting up and conducting separate studies at the same time which would have generated a larger sample.

1 through 6 call for legal conclusions and an analysis of the law and would, therefore, invade the province of the trier of fact and the role of the judge as to the law. As a general matter an expert cannot offer conclusions of law. The expert must testify as to facts but should not focus on issues of law.[5] The court will not permit Cutler to testify as to his legal conclusions. He may, however, testify as to the regulations he bases his opinions on so long as this testimony does not cross over into conclusions regarding whether defendant acted within the law or not.

THEREFORE, IT IS ORDERED that defendant's motion to strike the report and bar testimony of plaintiffs' expert, Filing No. 161, is granted in part and denied in part as set forth herein.

DATED this 15th day of February, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge

---

[5]The court must also, though, review Fed. R. Evid. 704, which permits expert opinion if it is otherwise admissible and assists the trier of fact. The court notes that the issues in this case are very complicated, overly so thanks to the massive amount of summary judgments and over-briefing. However, the court does not believe that Fed. R. Evid. 704 applies to Mr. Cutler in this case. His conclusions in this regard are interpretations of the law and would not be helpful to the trier of fact.

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.